IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT T. BREWER,** | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO. 05-0493-KD-B** |
| **TRANSUNION, L.L.C.; et al.,** | |
| **Defendants.** | |

**ORDER**

This matter is before the Court on the following: defendant Sallie Mae, Inc.'s ("Sallie Mae") Motion to Dismiss Third Amended Complaint (Doc. 93) and brief in support (Doc. 94); defendant Asset Acceptance, L.L.C..'s ("Asset") Motion to Dismiss Third Amended Complaint (Doc. 99)[1] and plaintiff's brief in opposition thereto (Doc. 116). The motions have been fully briefed and are now ripe for the Court's review. Upon consideration, defendants' motions to dismiss are **GRANTED, in part,** and **DENIED, in part**, as set out herein.

I.  Background

Plaintiff filed the instant action on August 22, 2005. (Doc. 1) The complaint was subsequently amended on three occasions. (Docs. 16, 37, 82)  Plaintiff's claims are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.*, as well as state law claims alleging negligence, wantonness, invasion of privacy and defamation arising from a series of events involving credit allegedly fraudulently obtained in plaintiff's name and other credit

---

[1] Asset Acceptance filed a joinder (Doc. 99) in the motion and brief filed by Sallie Mae.

reporting issues.  (Doc. 82)

II.     Summary of Allegations

Plaintiff alleges that beginning in November of 2002, "false and derogatory information was placed on Plaintiff's credit report."  (Doc. 82 at ¶ 11)   Plaintiff alleges that he first learned of the false reporting in October 2004 when he received a credit report generated by defendant Transunion containing information reported by defendants Asset and Sallie Mae.  (Id.)  Plaintiff maintains that he has never been indebted to either Asset or Sallie Mae and, upon learning of the reporting, submitted disputes directly to these defendants.  Notwithstanding the notification, plaintiff  alleges that the defendants "continued to report false and derogatory information on Plaintiff's credit file in violation of the Fair Credit Reporting Act ("FCRA")."  (Id. at  ¶ ¶ 13-14)

As to defendants Sallie Mae and Asset, plaintiff alleges that they have "taken actions which violate FCRA, specifically 15 U.S.C. §1681s-2(b), including, but not limited to, the following: a.  [r]eporting false and derogatory credit information stating that Plaintiff [] [was] indebted to Asset [Sallie Mae] when Plaintiff was not in fact indebted to Asset [Sallie Mae]; b. [f]ailing to fully and properly investigate the Plaintiff's dispute of the reporting of the false and derogatory information; failing to review all relevant information regarding Plaintiff's dispute and/or by disregarding that information after review; c. [a]fter receiving notice of Plaintiff's dispute, continuing to report derogatory information on Plaintiff's credit file regarding the alleged debt to which Asset [Sallie Mae] knew or should have known, had it conducted an adequate investigation, to be incomplete, inaccurate and/or not verifiable; d. [f]ailing to modify, delete or permanently block the reporting of credit information regarding Plaintiff which Asset [Sallie Mae] knew or should have know to be incomplete, inaccurate and/or not verifiable, [and]

e. [f]ailing to accurately respond to the CRAs after receipt of notice of Plaintiff's disputes regarding said information. (Doc. 82 at ¶ 64, ¶ 86) Finally, plaintiff alleges state law claims against defendants in relation to the handling of plaintiff's credit information, including negligence, wantonness, invasion of privacy, and defamation. (Doc. 82, Counts XI-XIV) [2]

III.  Standard of Review

In resolving motions to dismiss, ambiguities are construed in the light most favorable to the nonmoving party. Tribe of Indians of Fla. v. So. Everglades Restoration Alliance, 304 F.3d 1076, 1084 (11th Cir.2002). A complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Jones v. Am. Gen. Life & Accident Ins. Co., 370 F.3d 1065, 1069 (11th Cir.2004) (citing Cryder v. Oxendine, 24 F.3d 175, 176 (11th Cir.1994) (internal quotations omitted)). However, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir.2002). Accordingly, this Court treats the assertions made in Plaintiff's complaint as true.

IV.  Analysis

Defendants make two arguments in support of their motions to dismiss. First, defendants argue that section §1681s-2(a) of the Fair Credit Reporting Act ("FCRA") does not provide a private right of action. (Doc. 94 at 2-5) Second, defendants' contend that plaintiff's state law claims are preempted by the FCRA. (Id. at 5-11) The Court will address each argument in turn.

---

[2] Plaintiff also alleges claims against Asset for "multiple violations of the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq., (the "FDCPA")." (Doc. 82) However, defendant does not move the Court for dismissal of those claims in the instant motion.

3

*Fair Credit Reporting Act*

The FCRA protects consumers from having inaccurate information about their credit status circulated. Williams v. Equifax Credit Info. Serv., 892 F.Supp. 951, 953 (E.D.Mi.1995). Under the FRCA, furnishers of information to credit reporting agencies have a duty to, among other things, investigate disputed information and report the results of such investigation to the agencies; however, this duty arises only after receiving notice of a dispute. See 15 U.S.C. §§ 1681i (a)(2) and 1681s-2(b); Young v. Equifax Credit Info. Serv., 294 F.3d 631, 639 (5th Cir.2002); Zotta v. Nations Credit Financial Services, 297 F.Supp.2d 1196, 1205 (E.D.Mo.2003)("[Furnisher's] duty to investigate under § 1681s-2(b)(1) did not arise until it received notice pursuant to § 1681i(a)(2) of a dispute.")

Defendants first move for dismissal on the ground that there is no private right of action under 15 §1681s-2(a) [3] of the FCRA. (Doc. 84 at 2-5) In opposition to defendants' motions, plaintiff clarifies that he did not make a claim under §1681s-2(a) of the FCRA, but, rather, under section §1681s-2(b) [4]. See 15 U.S.C. § 1681s-2 (c)(2). (Doc. 116 at 1-4) [5] Section 1681s-2(b)

---

[3] § 1681s-2. Responsibilities of furnishers of information to consumer reporting agencies

(a) Duty of furnishers of information to provide accurate information

(1) Prohibition

(A) Reporting information with actual knowledge of errors

A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

[4] (b) Duties of furnishers of information upon notice of dispute

(1) In general

4

clearly provides for a private right of action. Accordingly, to the extent defendants' motions to dismiss are predicated on the fact that §1681s-2(a) of the FCRA does not provide a private right of action, the motions are **DENIED,** on those grounds, since plaintiff has clarified that he is not proceeding under that section.

Section 1681s-2 (b) "describes the duties of any entity which provides information to a Credit Reporting Agency when such entity is notified of a dispute regarding the completeness or accuracy of the furnished information." Johnson v. United States, 2000 WL 33956225, *3 (D.

---

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall–

(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
(I) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

[5] (c) Limitation on liability

Except as provided in section 1681s(c)(1)(B) of this title, sections 1681n and 1681o of this title do not apply to any violation of--
...
(2) subsection (e) of this section, except that nothing in this paragraph shall limit, expand, or otherwise affect liability under section 1681n or 1681o of this title, as applicable, for violations of subsection (b) of this section; or

Minn, October 17, 2000). Under this section, once Sallie Mae and Asset received notice of Brewer's dispute they were required to "conduct a reasonable investigation of [their] records to determine whether the disputed information can be verified." Johnson v. MBNA America Bank, NA, 357 F.3d 426, 431 (4th Cir. 2004) Moreover, such an investigation "requires some degree of careful inquiry by creditors." Id. at 430.

In paragraphs 64(b) thru (f) and 86 (b) thru (f) of the complaint, plaintiff alleges that Sallie Mae and Asset, after receiving notice of the dispute from the credit reporting agencies, failed to uphold the duties enumerated in 15 U.S.C. § 1681s-2(b). Thus, those allegations appear to state a claim against these defendants under 1681s-2(b). See Pinckney v. SLM Financial Corp., 433 F.Supp.2d 1316 (N.D. Ga., 2005) (denying motion to dismiss on the grounds that "[p]laintiff clearly and unambiguously alleges that Defendants, after properly receiving notice of the dispute from the credit reporting agencies, failed to uphold the duties enumerated in 15 U.S.C. § 1681s-2(b)....") Accordingly, defendants' motion to dismiss as to those claims is **DENIED.**

However the Court reaches a different result as to the allegations contained in paragraphs 64(a) and 86(a) of Counts V and VII, respectively. Those sub-paragraphs allege that defendants Asset and Sallie Mae, "[r]eport[ed] false and derogatory credit information stating that Plaintiff (regarding an alleged) (sic) [was] indebted to Asset [Sallie Mae] when Plaintiff was not in fact indebted to Asset [Sallie Mae]. (Doc. 82) The Court finds these two allegations do not state a claim against these defendants under 15 U.S.C. § 1681s-2(b) and should be dismissed.

*State Law Claims*

Defendants next argue that plaintiff's state law claims are preempted under 15 U.S.C.

§1681t(b)(1)(F) which provides that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2.... (Doc. 95 at 5-11)  Defendants argue, in sum, that the alleged conduct forming the basis for plaintiff's state law claims against Sallie Mae is no different than the alleged conduct supporting plaintiff's FCRA claim under §1681s-2 and is thus pre-empted.

Defendants note that the Eleventh Circuit Court of Appeals has not addressed the extent to which §1681t (b)(1)(F) preempts state law claims and urge the Court to adopt the reasoning of several district courts that have concluded that the broad language of §1681t (b)(1)(F) provides for total preemption as to any and all state law claims brought by consumers against a furnisher of credit information.  See Riley v. General Motors Acceptance Corp., 226 F. Supp. 2d 1316 (S.D. Ala. 2002).  In the alternative, defendants direct the Court's attention to a line of cases finding that §1681t (b)(1)(F) only preempts claims relating to a furnisher's conduct *after* notice of a dispute is received. See  Woltersdorf v. Pentagon Federal Credit Union, 320 F. Supp. 2d 1222, (N.D. Ala. 2004).   The Court declines to adopt either of these positions for the reasons stated herein below.

As stated above 15 U.S.C. §1681t(b)(1)(F) imposes a general prohibition against state laws regulating conduct governed by §1681s-2.  However, there is also a provision in the FCRA, 15 U.S.C. §1681h(e), which specifically states that claims in the nature of defamation, invasion of privacy and negligence cannot be brought except as provided in §1681n (willful noncompliance) and §1681o (negligent noncompliance) *unless* the plaintiff alleges that the false information in the report was furnished with malice or willful intent to injure plaintiff.  Courts addressing this preemption issue have expressed several divergent views on how to reconcile

7

these two arguably inconsistent provisions. Courts following the "total preemption" approach have concluded that §1681t (b)(1)(F) preempts both state statutes and common law causes of action that relate to the subject matters listed in the provision. This approach, however, ignores the existence of §1681h(e).

Another group of courts has chosen to follow a "temporal" approach. Under the temporal approach, causes of action predicated on acts that occurred before a furnisher of information had notice of any inaccuracies are not preempted by §1681t(b)(1)(F), but are instead governed by §1681h(e). As a result, according to the temporal approach, plaintiffs may bring state law claims for actions that take place before a furnisher has notice of inaccuracies, but-pursuant to the language of §1681h(e), these claims can only go forward if a plaintiff alleges that the furnisher of information provided inaccurate information with malice or willful intent to injure the consumer.

A third group of courts has followed what has been termed the "statutory approach" concluding that §1681t(b)(1)(F) preempts only state <u>statutory claims</u> against furnishers of information but common law claims are covered under §1681h(e). The undersigned concludes that the better reasoned approach, as articulated by the district court in <u>Johnson v. Citimortgage, Inc.</u>, 351 F.Supp.2d 1368 (N.D. Ga. 2004), is the statutory approach. In <u>Johnson,</u> the district court concluded that it could find nothing in the 1996 amendment to support the defendant's contention that there was complete preemption of all of plaintiff's state law claims. <u>Id.</u> at 1374. The court opined that "to imply Congress's intent to repeal a previously existing provision in the statute without a clear statement in the amendment to that effect is an unwieldy act of legislation that this court ought not and will not undertake. " <u>Id.</u> (citing <u>TRW Inc. v. Andrews</u>, 534 U.S. 19,

31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) ("[I]t is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant")(internal quotation marks omitted).

In Johnson, the court relied, in part, on the reasoning articulated in an opinion out of the Northern District of Texas wherein the court harmonized the two competing provisions as follows:

> Section 1681h(e) clearly applies to torts. The section specifically references "any action or proceeding in the nature of defamation, invasion of privacy, or negligence." 15 U.S.C. § 1681h (e). All claims in the (non-exclusive) list are torts. Section 1681t(b)(1)(F) gives every indication of dealing only with state statutory regulation. This is made yet more clear when you consider the two laws that are specifically excluded from Section 1681t (b)(1)(F) 's coverage.

351 F.Supp. 2d at 1356, (quoting Carlson v. Trans Union, LLC, 259 F.Supp.2d 517, 521 (N.D.Tex.2003))

Adopting the views expressed in Johnson, the Court finds that §1681t (b)(1)(F) preempts only those causes of actions created by state statute that relate to consumer protection and §1681h(e) preempts state tort actions which do not allege malice or willful intent to injure. See also Jordan v. Trans Union LLC 377 F.Supp.2d 1307, 1309 (N.D.Ga., 2005) ("This Court finds most persuasive the approach which holds that § 1681t (b)(1)(F) applies to state statutory law claims and 15 U.S.C. § 1681h(e) applies to state common law claims."); Carlson 259 F.Supp.2d at 517 (holding that § 1681h(e) applies only to torts and § 1681t(b)(1)(F) applies only to state statutory regulation).

In further support of the view that § 1681t (b)(1)(F) cannot preempt all state law claims, including state common law tort claims, the Court notes that this section is a general preemption

9

provision both by its terms and its given moniker," which is "General exceptions." Gordon v. Greenpoint Credit, 266 F.Supp.2d 1007, 1013 (S.D.Iowa 2003). "To the contrary, § 1681h(e) contains a more specific preemption clause ( i.e. "any action or proceeding in the nature of defamation, invasion of privacy, or negligence"). [6] "Under the principles of statutory construction, 'a general statute must yield when there is a specific statute involving the same subject matter.' " Johnson, 351 F.Supp. 2d at 1376, quoting Gordon v. Greenpoint Credit, 266 F.Supp. at 1013; see also San Pedro v. United States, 79 F.3d 1065, 1069 (11th Cir.1996), cert. denied, 519 U.S. 980, 117 S.Ct. 431, 136 L. Ed. 2d 333 (1996) (following "the principle, upheld by the Supreme Court on numerous occasions, that a specific statute takes precedence over a more general one"). Accordingly, the undersigned finds that §1681t(b)(1)(F) applies to plaintiff's state statutory law claims and 15 U.S.C. §1681h(e) applies to the state common law claims. [7] Therefore, the Court will apply the more specific provision set forth in §1681h(e) to

---

[6]   (e) Limitation of liability

Except as provided in section 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h (e).


[7]   As noted by the district judge in Johnson, this is also the interpretation adopted by Judge Carnes in Neal v. Equifax Information Services, Inc., No. 1:03-CV-0761-JEC (Order dated March 11, 2004).

determine whether plaintiff's state law claims are preempted.

Plaintiff's complaint alleges claims of negligence (Count XI), wantonness (Count XII), invasion of privacy (Count XIII ) and defamation (Count XIV) against both Sallie Mae and Asset.  (Doc. 82)  Under §1681h(e), any  action or proceeding "in the nature of defamation, invasion of privacy, or negligence" is preempted, unless the "false information [was] furnished with malice or willful intent to injure [the] consumer." 15 U.S.C. § 1681h(e) (emphasis supplied) Thus, in order to survive the defendants' motions to dismiss, plaintiff's complaint must sufficiently plead that Sallie Mae and Asset furnished false information with malice [8] or willful intent to injure.  Id.

*Negligence - Count XI*

Plaintiff alleges, in sum, that the defendants "failed to exercise reasonable care and prudence in the management and publication of credit information pertaining or purporting to pertain to Plaintiff; the handling of account data; in the reinvestigation of disputes made by Plaintiff; and other acts or omissions which resulted in the reporting of false and derogatory credit information regarding Plaintiff and/or the attempted collection of alleged debts which Plaintiff did not owe."   (Doc. 82 at ¶ 123)

In McCloud v. Homeside Lending, 309 F.Supp.2d 1335 (N. D.Ala.,2004), the district court concluded that no cause of action for negligence could lie under 1681(h)(e).  The court opined, in pertinent part:

> The negligence claim illustrates the paradoxical nature of §1681h(e), which leads to a most incongruous result. While negligence is specifically mentioned as an action that will not be preempted if the false information was furnished with

---

[8] Section 1681h(e) does not define malice.

11

> "malice or willful intent to injure the consumer," negligence, by its very nature, can never be intentional. "Negligence is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care.... Simple negligence is the inadvertent omission of duty...." "The element of intent, or knowledge, is not present in simple negligence, and the element of intent does not raise a person's conduct to merely a greater degree of negligence as, for instance, gross negligence...." Thus, the negligence claim is due to be dismissed.

Id. at 1342 (internal citations omitted).

For the reasons articulated by the court in McCloud, defendants' motions to dismiss plaintiff's state law negligence claim is **GRANTED.**

*Wantonness- Count XII*

Plaintiff further alleges that "[d]efendants acted a with wanton, reckless or conscious disregard for the Plaintiff's rights and well-being with respect to the management, reporting and investigation of credit information pertaining to or purporting to pertain to Plaintiff."  Plaintiff also alleges that defendant "Asset acted with a wanton, reckless or conscious disregard for the Plaintiff's rights and well-being with respect to the attempted collection of alleged debts which said defendant knew or should have known Plaintiff did not owe."  (Doc. 82 at ¶ 126)

Under Alabama law, wantonness is defined as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala.Code. § 6-11-20(b)(3) (1975) (2002 Replacement Vol.)  The Alabama Supreme Court has defined wantonness as "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." Alfa Mutual Insurance Co. v. Roush, 723 So.2d 1250, 1256 (Ala. 1998)(citing Bozeman v. Central Bank of the South, 646 So.2d 601 (Ala.1994)).  It is not essential, however, for a plaintiff to prove that a defendant entertained a specific design or intent to injure as an

element of a wantonness claim.  Id. at 1256.  In other words, wantonness does not include malice or willful intent as a required element.  McCloud at 1343-1344.

As noted herein, § 1681h(e) clearly requires that plaintiff plead malice or willful intent to injure on the part of a defendant in order for a state tort claim to survive preemption.  In the instant case, the facts alleged by plaintiff do not state the required malice or willful intent such that the claim would not be preempted under the FCRA. Accordingly, defendants' motion to dismiss plaintiff's claim for wantonness is **GRANTED.**

*Invasion of Privacy- Count XIII*

Plaintiff next alleges that "[t]he actions taken by Defendants in the reporting, publishing or otherwise disseminating credit information regarding Plaintiff which Defendants knew or should have known was false, and/or the attempted collection of alleged debts which Defendants knew or should have known Plaintiff did not owe, constitute the wrongful invasion of Plaintiff's privacy [and] [d]efendants actions caused unwarranted publicity, wrongful intrusion and unwarranted exploitation of false information which has disrupted and harmed Plaintiff in such a manner as to cause outrage , mental suffering, shame and humiliation to any person with ordinary sensibilities."  (Doc. 82 at ¶ 129) Plaintiff further alleges that "[d]efendants' actions were made with malice and/or with willful intent to injure Plaintiff."  (Id. at ¶131)

Invasion of privacy consists of four limited and distinct wrongs: (1) intruding into the plaintiff's physical solitude or seclusion; (2) giving publicity to private information about the plaintiff that violates ordinary decency; (3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; or (4) appropriating some element of the plaintiff's personality for a commercial use.  Johnston v. Fuller, 706 So.2d 700, 701 (Ala. 1997).

13

In regard to a claimed invasion of privacy based on a defendant's giving publicity to private information, this Court has adopted the language and reasoning of Restatement (Second) of Torts § 652D (1977).  Id. at 703.  Section 652D of the Restatement states:

> "One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
>
> "(a) would be highly offensive to a reasonable person, and
> "(b) is not of legitimate concern to the public."

Thus, in order to present a prima facie case of this particular kind of invasion of privacy, the plaintiff must present substantial evidence tending to show the existence of each of the elements set out in § 652D.  Moreover, in order to avoid preemption plaintiff must allege, as he has, that defendants' acted with malice and with an intent to injure.

Resolving all inferences in favor of plaintiff as it must do at this stage of the litigation, the Court is unable to concluded that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Accordingly, defendants' motion to dismiss plaintiff's claims of invasion of privacy is **DENIED.**

*Defamation- Count XIV*

Finally, plaintiff alleges that defendants' actions constitute defamation.  Specifically, plaintiff alleges that "the [d]efendants intentionally communicated to third parties false and derogatory information [and that] [s]aid communication was false, defamatory and was made by the defendants even though they knew or should have known that the information being communicated was false."  (Doc. 82 at ¶ 134) Plaintiffs further allege that "[d]efendants' actions were made with malice and/or with willful intent to injure Plaintiff."  (Id. at ¶ 135)

In the defamation context, courts have indicated that a statement is made with malice

14

when made "with knowledge that it was false or with reckless disregard of whether it was false or not." New York Times Co. v. Sullivan, 376 U.S. 254, 280, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); see also Schafer v. Time, Inc., 142 F.3d 1361, 1366 (11th Cir.1998).  Additionally, malice need not be pleaded with particularity; rather, malice "may be averred generally." Fed.R.Civ.P. 9(b); United States ex rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1308 (11th Cir.2002).   The plaintiff's allegations which include that defendants acted with malice or with willful intent to injure are sufficient to survive defendants' motion to dismiss.  Accordingly, defendants' motion to dismiss plaintiff's defamation claims are **DENIED.**

V.   Conclusion

For the reasons set forth herein, defendants' motions to dismiss are **GRANTED, in part and DENIED, in part,** as follows: (1) defendants' motions to dismiss plaintiff's claims arising under the FCRA are denied as to paragraphs 64 (b) thru (f) and 86 (b) thru (f) and granted as to paragraphs 64(a) and 86 (a); (2) defendant Sallie Mae's motion to dismiss is granted as to plaintiff's claims alleging negligence and wantonness and denied as to plaintiff's claims alleging invasion of privacy and defamation; (3) defendant Asset's motion to dismiss is granted as to plaintiff's claims alleging negligence and wantonness and denied as to plaintiff's claims alleging invasion of privacy and defamation.

**DONE** this the 27th  day of September, 2006.

 /s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**